**NORFOLK DREDGING COMPANY,**
a corporation, Plaintiff-Appellee,

v.

**J. H. COPPEDGE, doing business as J. H.**
Coppedge and Company, Defendant
and Counter-Claimant-Appellee,

v.

**STATE OF FLORIDA DEPARTMENT**
**OF TRANSPORTATION, an Agency**
of the State of Florida, Defendant and
Additional Defendant to the Counter-
Claimant-Appellant.

No. 29959.

United States Court of Appeals,
Fifth Circuit.

March 23, 1971.

Geoffrey B. Dobson, Asst. Atty., State of Fla. Dept. of Transp., Howard Hadley, General Counsel, Tallahassee, Fla., for appellant.

James F. Moseley, Kurz, Toole, Taylor, Moseley & Gabel, Jacksonville, Fla., for Norfolk Dredging Co.

Chester Bedell, John A. DeVault, III, Jacksonville, Fla., for J. H. Coppedge; Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, Fla., of counsel.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The principal complaint in this appeal by the Florida Department of Transportation, is owner and responsible agent of the State in the operation of the Pablo Creek Bridge, is that the proof was not sufficient to warrant the findings of the trial court that the collision and damage occurring therefrom should be charged solely to the Florida Department of Transportation. A careful consideration of the record shows that there was ample evidence to support the findings of fact by the trial court both with respect to the damages awarded in favor of the Norfolk Dredging Company and the judgment entered in favor of J. H. Coppedge as reimbursement for the bill for repairs paid by him on behalf of the dredge.

The judgment of the trial court is affirmed.

**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**Joseph Louis HORVATH, Defendant-**
Appellant.

No. 20112.

United States Court of Appeals,
Sixth Circuit.

Oct. 8, 1970.

John D. O'Connell, Detroit, Mich., for appellant.

Ralph B. Guy, Jr., Detroit, Mich., James H. Brickley, U. S. Atty., Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and BROOKS, Circuit Judges.

PER CURIAM ORDER.

Defendant-appellant appeals from his conviction of aiding and abetting a bank robbery. The only contention presented on appeal is that defendant's confession should have been excluded from evidence because it was involuntary and resulted from improper inducements of police officials.

The District Court held a hearing outside the presence of the jury and found that the confession was voluntarily made by defendant with a full understanding of his rights. Our review of the record completely supports the conclusion of the District Court.

Affirmed.